UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEMARIO WALKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 9-624-B-S |
| | ) |
| CIRCUIT COURT CLERK, et al., | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDED DECISION**

    Demario Walker, an inmate at a correctional facility in Pearl, Mississippi, has filed a motion to proceed in forma pauperis and a complaint challenging the constitutionality of Maine's marriage laws because "the defendants prohibited the plaintiff and his partner from marriage." No other facts are alleged in the complaint. Walker has filed two applications to proceed in forma pauperis, neither of which fully complied with 28 U.S.C. § 1915(a)(2) because neither application was accompanied by a certified copy of his prison trust fund statement nor signed by an authorized individual at the facility where he is incarcerated. I now deny his application to proceed in forma pauperis, not because of the technical failure to comply with the filing requirements, but because the underlying complaint is frivolous and fails to state a claim.

    Even if Walker were to be granted in forma pauperis status, his "complaint" is frivolous and does not state a claim pursuant 42 U.S.C. § 1983. It is subject to immediate dismissal by the court. See 28 U.S.C. § 1915A(b) (court shall "dismiss the complaint, or any portion of the complaint, if the complaint ...is frivolous, malicious, or fails to state a claim upon which relief may be granted[] or seeks monetary relief from a defendant who is immune from such relief"); 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... is

frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."). It also seems evident that Walker is subject to the 28 U.S.C. § 1915(g) three-strike prohibition against proceeding in forma pauperis with a suit, such as this, which does not allege that he is under imminent danger of serious injury. See Walker v. Mississippi Parole Bd. 333 Fed.Appx. 843, 845, 2009 WL 1685142, 1 (5th Cir. June 16, 2009) (unpublished) ("Walker has already been informed that he has accumulated three strikes under 28 U.S.C. § 1915(g)."); see, e.g., Walker v. Norwood, Civ. No. 3:08-cv-275-TSL-JCS, 2009 WL 387337 (S.D. Miss. Feb. 13, 2009); Walker v. Jackson, Civ. No. 5:08-cv-221-DCB-MTP, 2008 WL 2779446, 2 (S.D. Miss. July 14, 2008) Walker v. Mississippi Parole Bd., Civ. No. 3:08cv132-HTW-LRA, 2008 WL 2271487, 2 (S.D. Miss. May 29, 2008).[1]

Walker does not allege that either he or his partner has ever been in Maine. Nor does he allege that he has any real prospect of journeying to Maine to marry since he is incarcerated in a Mississippi prison. It is fundamental that this court's jurisdiction is limited to actual cases and controversies under Article III of the United States Constitution. U.S. Const. art. 3, § 2, cl. 1. "The 'irreducible constitutional minimum of Article III standing contains three elements': (1) that the plaintiff suffered an 'injury in fact,' (2) that there is a 'causal connection between the injury and the conduct complained of,' and (3) that it is 'likely' that the injury will be redressed by the requested relief." Sutliffe v. Epping School Dist., 584 F.3d 314 (1st Cir. 2009) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). Applying the Iqbal pleading standard to this complaint, Walker has pled no facts which would satisfy any of the three prongs of Article III standing. Ashcroft v. Iqbal, ___U.S. ___, 129 S.Ct. 1937, 1949 (2009) (pleading standard demands more than unadorned "the defendant unlawfully harmed me" accusation).

---

[1]   The United States Party/Case Index reveals at least 58 federal civil cases filed by Walker since 2002.

Based upon the foregoing I deny Walker's motion to proceed without prepayment of the filing fee and I recommend that the court dismiss this entire matter because there is no actual case or controversy presented by the facts pled in the complaint filed by Walker.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 5, 2010